**Susan Marsh Assoc. Inc. v City of New York**

2025 NY Slip Op 30737(U)

March 5, 2025

Supreme Court, New York County

Docket Number: Index No. 154318/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**        PART           11M

*Justice*

---------------------------------------------------------------------------X

SUSAN MARSH ASSOCIATES INC,

                     Petitioner,

                - v -

CITY OF NEW YORK, NEW YORK CITY OFFICE OF
ADMINISTRATIVE TRIALS AND HEARINGS, THE CITY OF
NEW YORK ENVIRONMENTAL CONTROL BOARD, NYC
DEPARTMENT OF BUILDINGS

                     Respondent.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154318/2024 |
| MOTION DATE | 05/13/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23

were read on this motion to/for        ARTICLE 78 (BODY OR OFFICER)        .

       Petitioner seeks an order annulling and vacating the Office of Administrative Trials and Hearings ("OATH") denials of petitioner's motion to vacate default judgments and directing respondents to grant a hearing on the merits of each alleged violation. Respondents oppose, answer the petition and assert that OATH's denials were reasonable, rational and in accordance with the applicable law, warranting denial of the underlying petition. For the reasons set forth below, the petition is denied.

*Background*

       Petitioner is the owner of the property located at 480 Clinton Avenue, Brooklyn, New York 11238 (the "Subject Property"). Between June 22, 2021, and May 23, 2022, petitioner was issued four summonses for alleged violations at the subject property. The summonses set forth hearing dates, petitioner failed to appear at such hearings, which resulted in default orders.

[* 1]

On or about February 20, 2024, through February 29, 2024, petitioner requested to vacate the default judgments and requested the reopening of the subject summonses. On or about March 12, 2024, through March 26, 2024, petitioner's requests to vacate the default judgments and reopen the summonses was denied. OATH's denial of petitioner's requests to vacate state that petitioner did not establish a reasonable excuse for its failure to appear, and its argument that it did not receive notice or the summons, is contradicted by the agency records that establish proper service.

*Applicable Law*

Article 78 review is permitted, where a determination was made that "was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed…." CPLR §7803(3).

"Arbitrary" for the purpose of the statute is interpreted as "when it is without sound basis in reason and is taken without regard to the facts." *Pell v Board of Ed. of Union Free School Dist. No. of the Towns of Scarsdale and Mamaroneck, Westchester Cty.* 34 NY2d 222, 231 [1974].

A court can overturn an administrative action only if the record illuminates there was no rational basis for the decision. *Id.* "Rationality is what is reviewed under both the substantial evidence rule and the arbitrary and capricious standard." *Id.* If the court reviewing the determination finds that "[the determination] is supported by facts or reasonable inferences that can be drawn from the records and has a rational basis in the law, it must be confirmed." *American Telephone & Telegraph v State Tax Comm'n* 61 NY2d 393, 400 [1984].

It is well established that the court should not disturb an administrative body's determination once it has been established that the decision is rational. See *Matter of Sullivan*

[* 2]

*Cnty. Harness Racing Ass'n, Inc. v. Glasser*, 30 NY2d 269 [1972]; *Presidents' Council of Trade Waste Assns. v New York,* 159 AD2d 428, 430 [1st Dept 1990].

*Discussion*

In support of its petition, petitioner contends that OATH applied the more lenient standard, "reasonable circumstances" standard of 48 RCNY 621(b), instead of the "exceptional circumstances" standard of 48 RCNY $ 6-21(f), that should have been applied. Petitioner contends that although this standard is more lenient, and would be deemed more favorable, the fact that the wrong standard was used establishes that OATH did not "even read or consider the application […] properly" thus the instant application requires remand.

In its memorandum of law, respondents contend that the summonses and notices were properly served, and OATH's denials of petitioner's applications were not arbitrary or capricious. The issue of improper service of the summonses and notices were raised for the first time by petitioner in reply. In reply, petitioner concedes that while three out of the four summonses it seeks to contest, were served properly, OATH should have granted the vacatur request despite the proper service.

The Court finds that petitioners have failed to establish that the underlying agency action, denial of petitioner's vacatur requests, lacked a rational basis or was arbitrary or capricious. Contrary to petitioner's assertions, the cases cited and relied upon do not stand for the proposition that "where the wrong reason is stated but the right result determined" the only recourse is remand. This contention has no legal support. Moreover, as the petition sought vacatur of OATH's denials of petitioner's application based on the application of the "reasonable excuse" standard versus the "exceptional circumstances" standard, the Court deems OATH's error, in favor of petitioner, harmless error. Accordingly, it is hereby

[* 3]

ADJUDGED that the petition is denied.

20250305160709LFRANK1EAB573433EF4D398B815D3FACD36375

| 3/5/2025 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LYLE E. FRANK, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]